# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALIZA GROSS, RANDY GROSS and BETH GROSS, | |
| Plaintiffs, | Case No. 1:19-cv-02743 |
| v. | Hon. Martha M. Pacold |
| HOWARD CHAPMAN and ADAM CHAPMAN, | Plaintiffs Demands a Trial by Jury |
| Defendants. | |

## JOINT STATUS REPORT FOR REASSIGNED CASE

Counsel for the Plaintiffs and Defendants jointly file this Joint Status Report for Reassigned Case.

**I.    The Nature of the Case**

   **A.    Identify the attorneys of record for each party. Note the lead trail attorney and any local counsel.**

**Plaintiffs' attorneys:** Lawrence C. Rubin (lrubin@taftlaw.com), Taft Stettinius & Hollister LLP, 111 East Wacker Drive, #2800, Chicago, IL 60601; Cary E. Donham (cdonham@taftlaw.com), Taft Stettinius & Hollister LLP, 111 East Wacker Drive, #2800, Chicago, IL 60601. Mr. Rubin is the lead trial attorney.

**Defendants' attorneys:** Paula K. Jacobi (paula.jacobi@btlaw.com), Barnes & Thornburg LLP, One North Wacker Drive, #4400, Chicago, IL 60606; Paul Olszowka (paul.olszowka@btlaw.com), Barnes & Thornburg LLP, One North Wacker Drive, #4400, Chicago, IL 60606; Brandon B. Bridges (brandon.bridges@btlaw.com), Barnes & Thornburg LLP, One North Wacker Drive, #4400, Chicago, IL 60606. Ms. Jacobi is the lead trial attorney.

**B.** **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. <u>Note</u>: if any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.**

The Plaintiffs allege federal question jurisdiction pursuant to 28 USC §1331, based upon 18 USC §§2511, 2520. The Plaintiffs also allege that the district court has supplemental jurisdiction under 28 USC §1367 of Illinois state law claims arising under 720 ILCS §5/14-1 *et seq.* and Illinois common law because the claims represent a part of the same case or controversy.

**C.** **Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

From the Plaintiffs' perspective, the major legal and factual issues in the case are whether the Defendants intentionally and surreptitiously used an eavesdropping device to overhear and record private and highly personal conversations of Aliza Gross, Beth Gross and Randy Gross without their knowledge or consent; and additionally, whether the Defendants intended to manipulate the Plaintiffs through the use of the recorded information to invade Plaintiffs' privacy and inflict emotional distress.

From the Defendants' perspective, this case involves the dissolution of a relationship when Adam Chapman broke off his engagement to be married to Aliza Gross. Plaintiffs seek recompense notwithstanding heart balm statutes having been long ago abolished. Plaintiffs seek allegedly lost non-refundable wedding expenses and damages from an alleged emotional harm asserting that a standard Nest Home security camera picked up sound of a conversation Aliza Gross was having with her parents which Aliza broadcast into the premises when she put the call on her speakerphone. Plaintiffs claim the content of the conversation was private.

Factual and legal issues involved are the existence, extent and content of the sounds in the premise from the conversation which were picked up by the home security camera, whether the home security camera system is or was used as an eavesdrop device as that term is defined or

2

intended by the statutes, whether Plaintiffs can sustain any of the required elements of the eight claims (statutory and case law) pled in the Complaint including intentional action on the part of any of the Defendants, whether the home security camera and actual facts involving the previously engaged parties fit within and were contemplated by the statutes cited by Plaintiffs, the affirmative defenses asserted and whether the tort claims asserted state any cause of action on which relief can be granted.

        **D.**      **Describe the relief sought by plaintiff(s).**

The Plaintiffs are seeking compensatory damages, statutory damages, injunctive relief, punitive damages and attorney's fees.

        **E.**      **List the names of any parties who have not yet been served.**

None.

**II.**      **Discovery and Pending Motions**

        **A.**      **Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any. State whether any of the pending motions have been mooted or no longer require a ruling for any other reason.**

On August 19, 2019, Defendants have filed a motion to dismiss Counts VII (Invasion of Privacy) and Count VIII (Intentional Infliction of Emotional Distress). [Dkt. #30] On September 27, 2019, Plaintiffs filed a response to Defendants' Motion to Dismiss. [Dkt. #40] The Defendants filed their Reply in Support of the Motion to Dismiss and in Opposition to Plaintiffs' Reply on October 16, 2019. [Dkt. #44] That motion is fully briefed and remains pending.

        **B.**      **State whether the case is in the "Mandatory Initial Discovery Pilot" (MIDP) Project. If the case is subject to MIDP, the parties should be prepared to report on the status of compliance with the MIDP and any upcoming MIDP deadlines.**

This case is in the Mandatory Initial Discovery Pilot ("MIDP") Project. The parties served initial disclosures on September 19, 2019. [Dkt. ##36-37] Pursuant to the Standing Order, ESI discovery is to be disclosed by October 28, 2019. However, the Parties have moved for an

extension of time to produce ESI to November 25, 2019 which is scheduled to be heard on October 30, 2019 [Dkt #45-46], and this Court entered a minute order that struck the October 28, 2019 date to produce ESI and ordered that "a new date (for production) will be set on October 30, 2019" [Dkt. #48]

First-round of written discovery to fill in the gaps in the MIDP disclosures was to be issued on October 2, 2019. The Parties each issued and served their respective written discovery on the other on that date.

    **C.    Briefly describe all discovery that the parties have conducted, including any electronic discovery or whether any discovery has been bifurcated. Include in the description any discovery that remains, discovery schedules that have been set, the status of expert discovery, if applicable, and whether the parties anticipate that they will complete discovery according to the current deadlines.**

Written discovery has been served by both Parties, but no discovery responses other than the initial MIDP disclosures are currently due or have been served.

    **D.    Briefly summarize all substantive rulings issued in this case.**

Plaintiffs Randy Gross and Beth Gross commenced the captioned case with a complaint against Adam Chapman and Howard Chapman as Defendants on April 23, 2019. [Dkt. #1]. On June 21, 2019, Adam and Howard Chapman, respectively answered Counts I-VI denying all substantive allegations [Dkt. #14-13] and filed a Motion to Dismiss Counts VII and Count VIII. [Dkt. #15]. In response, Plaintiffs filed an Amended Complaint on June 26, 2019. [Dkt. #18]. At the same time, Aliza Gross filed a complaint numbered 19 C 4300 against Adam, Howard and Dale Chapman the allegations of which were almost identical to the allegations of the Amended Complaint filed in this case.

Defendants moved to strike the Amended Complaint filed [Dkt. #19-20] and filed a motion to reassign Case number 19 C 4300 filed by Aliza Gross to Judge Change. [Dkt. #23] On July 15, 2019, the Court denied Defendants' Motion to Strike the Amended Complaint, granted the motion

4

to reassign transfer Case numbered 19 C 4300 to Judge Change, and ordered Plaintiffs to file a First Consolidated Complaint combining all Plaintiffs and all Defendants from the from the two cases. [Dkt. #28] The Plaintiffs filed their First Consolidated Complaint on July 29, 2019 [Dkt. #29] and Defendants filed their Answer to Count I-V and their Motion to Dismiss Counts VI and VII on August 19, 2019. [Dkt. #30, 33]

      **E.**      **Briefly describe any anticipated motions.**

None at this time.

**III.**    **Trial**

      **A.**      **State whether there has been a jury demand.**

Plaintiffs have requested a jury trial.

      **B.**      **State whether a trial date has been set; if not, provide the date by which the parties anticipate being ready for trial.**

No trial date has been set. Absent any dispositive motions being filed, Plaintiffs anticipate discovery being completed by April 30, 2020. A trial date depends on whether any dispositive motions are filed and granted.

      **C.**      **State whether a final pretrial order has been filed; if not, state whether there is a deadline for filing such an order.**

A Final Pre-trial Order has not been filed and no deadline for filing such order has been set.

      **D.**      **Estimate the length of trial.**

Plaintiffs estimate the probable length of trial is five days. Should this matter go to a trial, Defendants do not expect that a trial would be of that length and anticipate that this case may be resolved on summary judgment.

**IV.**    **Settlement, Referrals and Consent**

      **A.**      **State whether the case has been referred to the Magistrate Judge for discovery supervision and/or a settlement conference.**

This case has not been referred to the Magistrate Judge.

B. **State whether any settlement discussions have occurred and the status of any settlement discussions. (Do <u>not</u> provide any particulars of any demands or offers that have been made.)**

Counsel for Plaintiffs and Defendants had two meeting to discuss Plaintiffs' claims in July and September 2018. Those meetings did not result in a resolution. No settlement discussion have taken place since this case was filed in April 2019.

C. **State whether the parties request a settlement conference at this time before this court or the Magistrate Judge.**

Defendant submits that a settlement conference with the Magistrate Judge is appropriate at this time. Plaintiff does not request such a conference.

D. **State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether all parties <u>unanimously</u> consent to that procedure. The court strong encourages parties to consent to the jurisdiction of the Magistrate Judge.**

The parties' counsel have advised their respective clients about the possibility of proceeding before the assigned Magistrate Judge. The parties do not consent to that procedure.

Dated: October 29, 2019

| ALIZA, RANDY AND BETH GROSS | ADAM, HOWARD AND DALE CHAPMAN |
|---|---|
| By: /s/ Lawrence C. Rubin<br>One of Their Attorneys | By: /s/Paula K. Jacobi<br>One of Their Attorneys |
| Lawrence C. Rubin (#2413426)<br>Cary E. Donham (#6199385)<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Drive, Suite 2800<br>Chicago, Illinois 60601<br>Telephone: 312-527-4000<br>Facsimile: 312-527-3122<br>lrubin@taftlaw.com<br>cdonham@taftlaw.com<br>Firm No: 29143 | Paula K. Jacobi<br>Paul Olszowka<br>Brandon B. Bridges<br>BARNES & THORNBURG LLP<br>One North Wacker Dr., Ste. 4400<br>Chicago, Illinois 60606-2833<br>paul.olszowka@btlaw.com<br>paul.jacobi@btlaw.com<br>brandon.bridges@btlaw.com |

25941024.4